IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE LYNN DOONAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-111 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER OF COURT

AND NOW, this 21st day of March, 2016, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

AO 72
(Rev. 8/82)

Plaintiff protectively filed her pending application for disability insurance benefits on January 30, 2012, alleging a disability onset date of December 1, 2011, due to a variety of physical and mental impairments.[1] Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on April 3, 2013, at which plaintiff, represented by counsel, appeared and testified. On April 8, 2013, the ALJ issued a decision finding that plaintiff is not disabled. On December 23, 2014, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 44 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(d). She has at least a high school education and has past relevant work experience as a legal assistant and a body wrapper, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although plaintiff has the severe impairments of obesity; deQuervain's tenosynovitis of the right wrist; degenerative joint disease of the shoulders, hips and knees; fibromyalgia; asthmatic bronchitis and asthma; migraine headaches; and major depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the sedentary exertional level but with numerous restrictions necessary to

---

[1] Plaintiff identified the following conditions in her application: depression, chronic obstructive pulmonary disease (COPD), allergies, asthma, memory loss, fibromyalgia, irritable bowel syndrome, bile salt malabsorption, Keinbocks Disease, right wrist/ulna shortening, acid reflux, arthritis, herniated disc in neck, migraines/tension headaches, and psychiatric problems. (R. 126).

accommodate her physical and mental impairments.[2] Taking into account these restrictions, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including ticket seller, telephone solicitor and telephone clerk. Relying on the vocational expert's testimony, the ALJ found that although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3] 20 C.F.R.

---

[2] Specifically, the ALJ determined that plaintiff has the residual functional capacity to perform sedentary work except with a sit/stand option at intervals of about one half hour; she is limited to no more than occasional fingering with the dominant right hand; she should avoid exposure to respiratory irritants of any kind; and, she is limited to the performance of simple and repetitive tasks that would not require concentration upon detailed or complex matters. (R. 18).

[3] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.3d at 432; 20 C.F.R. §404.1520a.

§404.1520. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; *see* Barnhart v. Thomas, 540 U.S. 20 (2003).

Here, plaintiff raises two challenges to the ALJ's finding of not disabled: (1) the ALJ improperly evaluated the medical evidence; and, (2) the ALJ erroneously relied on the vocational expert's response to a hypothetical question that failed to incorporate all of the limitations arising from plaintiff's impairments. Upon review, the court is satisfied that the ALJ correctly evaluated the medical evidence under the appropriate standards and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly analyzed and weighed the medical evidence. Specifically, she argues that the ALJ failed to give controlling weight to the opinion of Dr. Leatherby, a clinical psychologist, who found "marked" to "extreme" limitations in all areas of work-related mental functioning, (R. 432-33), and instead improperly gave greater weight to the opinions of the non-examining state agency medical sources.[4] Upon review, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

---

[4] Plaintiff also references an opinion letter from her treating physician, Dr. Musser, summarizing his treatment of plaintiff for chronic headaches, cognitive complaints and fatigue. (R. 629). However, this letter was presented for the first time to the Appeals Council and cannot be considered by this court on substantial evidence review. Nor is plaintiff entitled to a remand for consideration of this letter. When a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. *See* Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *See also* Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833. Here, plaintiff cannot show that Dr. Musser's letter report is new or material, nor has she even attempted to show good cause for not presenting it to the ALJ.

The rules by which the ALJ is to evaluate the medical evidence are well-established under the Social Security Regulations and the law of this circuit. Opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(c)(2); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(c).

Importantly, the opinion of any physician, including a treating physician, as to the claimant's residual functional capacity, or on the ultimate determination of disability, never is entitled to special significance. 20 C.F.R. §404.1527(d); SSR 96-5p. "The law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011). Rather, "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); *see* 20 C.F.R. §404.1527(d)(2) and (3); §404.1546(c).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. The ALJ specifically addressed all of the opinions from all of the relevant medical sources and discussed the weight he was giving to each of those opinions. In particular, he explained why he was assigning "little weight" to the opinion of Dr. Leatherby, finding it to be inconsistent

with the narrative findings set forth in the testing report, which indicated normal intelligence and "most measurements of memory falling within the average range." (R. 19). In addition, the ALJ noted that Dr. Leatherby was not a treating source within the meaning of the Regulations, that he did not perform a thorough psychiatric or psychological evaluation, and that the testing was performed while plaintiff was experiencing short-term emotional distress from the recent loss of her job. Id. Rejecting the debilitating limitations set forth by Dr. Leatherby, the ALJ instead chose to give substantial weight to the opinion of the state agency psychologist, who found that plaintiff has the ability to "meet the basic mental demands of competitive work and [can] function in production oriented jobs not involving undue work pressures and changes," (R. 20), and to the opinion of the state agency physician, who found that plaintiff can work at the sedentary exertional level. (R.19-20).

The court finds no error in the ALJ's decision to give more credence to the assessments of the state agency physician and psychologist. It is well-settled that "[a]lthough treating and examining physician opinions often deserve more weight than the opinions of doctors who review records ... [s]tate agent opinions merit significant consideration as well." Chandler, 667 F.3d at 361. Pursuant to the Regulations, state agency medical consultants are considered to be "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §404.1527(e)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §404.1527(e)(2)(ii); SSR 96-6p. The ALJ did so here and, having concluded that the opinions of the state agency reviewing sources are more consistent with the totality of the evidence than those of the treating sources, he properly gave the reviewing opinions greater weight.

It is axiomatic in social security cases that the ALJ must give some indication of the evidence that he rejects and the reasons for discounting that evidence. Fargnoli, 247 F.3d at 43. Here, the ALJ reviewed and discussed all of the pertinent medical evidence and thoroughly explained his reasons for giving the weight that he gave to all of the medical source opinions. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's remaining argument is that the ALJ's residual functional capacity finding[5] and hypothetical to the vocational expert failed to account for all of plaintiff's work-related limitations, specifically, limitations requiring her to have hour-long rest breaks twice a day in addition to normal breaks and requiring her to miss work more than one day per month. Plaintiff contends that the ALJ improperly rejected the vocational expert's testimony that these additional limitations would preclude employment. (R. 40).

However, the more restrictive limitations advanced by plaintiff are not supported by the objective medical evidence. The ALJ expressly addressed this issue and rejected the additional limitations because he found them to be based on plaintiff's subjective statement that she needs to take a nap twice a day, which the ALJ found to be not entirely credible.[6] (R. 21).

---

[5] Residual functional capacity is defined as the most an individual still can do in a work setting despite the limitations caused by his impairments. Fargnoli, 247 F.3d at 40; 20 C.F.R. §404.1545(a)(1). Residual functional capacity is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work-setting on a regular and continuing basis, which means "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p. In assessing residual functional capacity, the ALJ is to consider all of the relevant medical and other evidence in the case record in determining the individual's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(3)-(4); SSR 96-8p. The ALJ's residual functional capacity finding must "'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 577 F.3d at 41 (citation omitted).

[6] Although plaintiff does not challenge explicitly the ALJ's credibility determination in this appeal, the court nevertheless finds no error in the ALJ's evaluation of plaintiff's subjective allegations of her limitations. As required under the Regulations, the ALJ properly considered plaintiff's subjective statements in light of the objective medical evidence as well as all of the other factors relevant to plaintiff's

As a hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record, the ALJ did not err in rejecting a response to a hypothetical incorporating limitations not supported by the medical evidence. *See* Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004)(ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence).

The court is satisfied that the ALJ's residual functional capacity finding in this case is supported by substantial evidence as outlined in the decision and that the ALJ's hypothetical to the vocational expert incorporating that residual functional capacity finding adequately accounted for all of plaintiff's mental and physical limitations that are supported by the objective evidence. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984)(RFC and hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record). Accordingly, the vocational expert's response to that hypothetical indicating that, despite those restrictions, plaintiff retains the ability to perform the identified sedentary jobs, constitutes substantial evidence supporting the ALJ's finding that plaintiff is not disabled.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

---

symptoms as set forth in 20 C.F.R. §404.1529(c). *See also* SSR 96-7p. The ALJ did a thorough job in his decision explaining why plaintiff's statements concerning "the intensity, persistence and limiting effects" of her symptoms are "not entirely credible," (R. 18-19), and his evaluation is supported by substantial evidence as outlined in his decision.

cc:   Steven F. Kessler, Esq.
      332 Fifth Avenue
      Suite 310-A
      McKeesport, PA 15132

      Colin Callahan
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219